UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY ZELLERKRAUT,

    Plaintiff,

v.                                              CASE NO.: 8:14-cv-418-T-23EAJ

STATE OF FLORIDA, et al.,

    Defendants.

_____/

**<u>ORDER</u>**

The *pro se* plaintiff sues the State of Florida, his former spouse, and others and alleges constitutional violations by the state court judge and others in an on-going child-support proceeding in state court. The plaintiff moves (Doc. 3) for a preliminary injunction. The plaintiff fails to provide a factual predicate and legal authority and fails to comply with Local Rules 4.05(b) and 4.06(b)(1) and Rule 65(a), Federal Rules of Civil Procedure.[*] Even assuming compliance with the governing procedural requirements, the plaintiff fails to establish a likelihood of success on the

---

[*] Although courts afford a generous construction to a *pro se* litigant's papers, a litigant appearing *pro se* must adhere to the Federal Rules of Civil Procedure, as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

merits.  The Anti-Injunction Act, 28 U.S.C. § 2283, "prohibits a federal court from issuing an injunction to stay proceedings in a state court." *Moore's Federal Practice*, Vol. 17A, § 120.21[1] (3d ed. 2013).  The plaintiff's claims appear jurisdictionally barred by *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986) ("[L]itigants many not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."); *Turner v. Chase*, 334 Fed. Appx. 657, 660 (5th Cir. 2009) (holding that under *Rooker-Feldman* the district court lacked jurisdiction to consider the wife's action alleging constitutional and civil-rights deprivations by her ex-husband, the state court judge, and others during an on-going state-court divorce proceeding); *Sielck v. Sielck*, 202 F. Appx. 919, 921 (7th Cir. 2006) ("Sielck alleges that the defendants' misconduct throughout the divorce proceedings resulted in a state court judgment that deprived her of 'marital property' and custody of her children.  Because those injuries were the direct result of the state court judgment itself, the district court lacked jurisdiction to consider Sielck's claims regarding those claims").  The plaintiff's motion (Doc. 3) is **DENIED**.

No later than **February 28, 2014**, the plaintiff must show cause in writing why this action should not be dismissed for lack of jurisdiction.  Failure to comply strictly

- 3 -

with this order will result without further notice in the dismissal of this action for failure to prosecute under Rule 41, Federal Rules of Civil Procedure.

ORDERED in Tampa, Florida, on February 19, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE